EUGENIA BRIGGS *vs.* ROBERT BRIGGS.

ON EXCEPTIONS.

IN DIVORCE CASES under the Act of 1870 and the amendment of 1878, there is no appeal on the facts as found by a Justice of this Court sitting in the Circuit Court. There is a right of exception on the law to the Supreme Court in Banco;

When an exception is taken to a decree in divorce as against the evidence, the Appellate Court will only examine the evidence to ascertain whether or not there is evidence to sustain the decree made.

Opinion of the Court by JUDD, C. J.

This is a libel for divorce, heard by Mr. Justice McCully at the November Term, 1881, of the Circuit Court of the Third Judicial Circuit. The ground alleged is adultery; the respondent denied his guilt, recriminated the adultery of the libellant and alleged his wife's cohabitation with him after the accusation of his adultery.

Eugenia Briggs *v.* Robert Briggs.

The learned Justice denied the divorce on the proofs, to which the libellant excepted. The point is made by the respondent that there is no appeal to this Court from a decree of a Justice of this Court presiding at a Circuit Court.

An examination of the Act of 1870, on Divorce (Section 10 of Chapter 16,) makes it plain that there is a right of exception on the law. If the exception should be sustained the case would be sent back for retrial. The amendment of 1878, conferring jurisdiction upon a single Justice of the Supreme Court, instead of the Court consisting of a Justice of the Supreme Court and a Circuit Judge, does not alter or amend the right of exception. But there is no appeal on the facts.

An exception, however, to the decree of the Justice presiding at the Circuit Court as against evidence is an exception in law, and this we consider is what was allowed in this case.

Following the case of Hana *vs.* Mehekula decided at the Special Term of the Supreme Court, (November, 1881,) we examine the evidence sent up, only so far as to ascertain whether or not there is evidence to sustain the decree made.

Having done this, we find that there was evidence to sustain the finding of the Court, and, therefore, the exception is overruled.

R. F. Bickerton for libellant.

W. C. Jones for respondent.

Honolulu, February 3, 1882.